```
                 UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

CHARLES D. NELSON 57250,         )
                                 )
       Plaintiff                 )
                                 )     No. 3:15-0573
v.                               )     Senior Judge Haynes/Brown
                                 )
f/n/u ZOOK, *et al.*,            )
                                 )
       Defendants                )

**TO:   THE HONORABLE WILLIAM J. HAYNES, JR.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the pending motion for summary judgment (Docket Entry 45) be granted and the motion to ascertain the status of the motion (Docket Entry 56) be termed as moot.[1]

## BACKGROUND

The Plaintiff filed a complaint against these Defendants on February 23, 2015 (Docket Entry 3-1CV-164). However, the Plaintiff failed to complete his application to proceed *in forma pauperis* or to pay the filing fee in the matter. Judge Campbell therefore dismissed the case without prejudice on April 27, 2015 (Docket Entry 15) for failure to prosecute and to obey the orders of the Court under Federal Rules of Civil Procedure 41(b).

The Plaintiff filed the present case on May 20, 2015 (Docket Entry 1). In this case the Plaintiff's application to

---

[1] Given the volume of pending cases, the Magistrate Judge would suggest that counsel not waste their and the court's time filing motions to ascertain the status of dispositive motions until at least 60 days after they are ready for a decision, absent some pressing need.

proceed *in forma pauperis* was granted (Docket Entry 11). In that order Judge Haynes noted the Plaintiff's earlier case and its dismissal without prejudice. The court found that the complaint passed an initial frivolity review, but noted that the Plaintiff would need to provide proper identification for the defendants described in the complaint. The Plaintiff in this case was forewarned, as in the previous case, of the necessity of keeping the Clerk informed of his current address at all times. The matter was referred to the undersigned for case management and for a report and recommendation as to any dispositive matter.

All of the Defendants were served and they filed a motion for summary judgment on October 16, 2015 (Docket Entry 45) supported by a memorandum of law and statement of facts, along with an affidavit providing various materials in support of their motions (Docket Entries 46 through 49).

It appears that mail sent to the Plaintiff at his listed address in Lebanon, Tennessee, was returned as undeliverable and the Plaintiff did not respond to the motion for summary judgment in the required time. The Plaintiff was specifically warned (Docket Entry 53) that he must respond to the motion for summary judgment by November 30, 2015, and follow Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01, and that failure to respond could be taken to mean the Plaintiff does not oppose the motion.

The order was sent by certified mail and a return receipt signed by the Plaintiff was returned to the Clerk (Docket Entry

55). As of the entry of this report and recommendation, no response from the Plaintiff has been received.

A motion for summary judgment is based on the premise that the statute of limitations has run and the Plaintiff's claims are therefore barred.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party

shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**LEGAL DISCUSSION**

The complaint alleges that excessive force was used by the Defendants when the Plaintiff was booked into the Rutherford County Detention Center (RCDC) on February 20, 2014. The Plaintiff requested a legal package on March 7, 2014. He filed this complaint on May 20, 2015, some 15 months after the incident and over 14 months after he requested a legal package. The Defendants contend that the Plaintiff's complaint is barred by the Tennessee one-year statute of limitations.

The Magistrate Judge notes that in the present complaint (Docket Entry 1) the Plaintiff makes no mention of his earlier complaint. The Plaintiff does indicate that he filed a grievance about the matter and the authorities took no action on the matter. The Magistrate Judge notes that in his first complaint (3-15-cv-164) the Plaintiff noted that he filed a grievance and the response to the prison authority was that it was too late, but it was not.

4

In the 1983 cases the Court applies the Tennessee one-year statute of limitations. *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986).

Although the Plaintiff has not responded to the motion for summary judgment, the Magistrate Judge has nevertheless reviewed the record to see if there are grounds that might justify tolling of the statute of limitations. The statute is tolled while the Plaintiff exhausts his administrative remedies. "The statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).

Unfortunately, neither side presented any evidence as to the time the Plaintiff took to exhaust his administrative remedies. The Defendants have not raised exhaustion as an affirmative defense. There is nothing in the record to indicate that the exhaustion process would have taken more than six weeks, at the most.

The second possibility for tolling the statue of limitations deals with the Plaintiff's earlier efforts to file, which were dismissed without prejudice. However, again, the Sixth Circuit has held that the dismissal of a case without prejudice does not toll the statute of limitations. *See Gill v. Locricchio*, 2011 WL 3809941 (E.D. Mich. Aug. 29, 2011); *Wesleyan v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987).

5

Therefore, the Magistrate Judge finds that the statute of limitations does bar this litigation and the motion for summary judgment should be granted and this case dismissed without prejudice.

Even if the motion for summary judgment should not be granted on statute of limitations grounds, this case should be dismissed for failure to obey court orders and to prosecute for the reasons set out by Judge Campbell in his earlier dismissal of *Nelson v. Zook, et al.*, 3:15-0164 (Docket Entry 13), where he stated:

> An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.,* No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006)*; see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

In this case the Plaintiff was warned about the necessity of keeping an address on file with the Court and the need for him to pick up his mail. The Plaintiff in this case clearly received the Court's order to respond to the motion for summary judgment by November 29, 2015, and he has failed to do so.

Additionally, dismissal under this provision could be without prejudice. However, the statute of limitations has now clearly run and any attempt to refile a third case would certainly be barred by the applicable statute of limitations.

6

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment (Docket Entry 35) be granted and this case dismissed with prejudice. Further, the Magistrate Judge recommends that any appeal not be certified as taken in good faith. Alternatively, the Magistrate Judge recommends that the case be dismissed without prejudice for failure to prosecute and to obey Court orders under Federal Rule of Civil Procedure 41.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 18th day of December, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge